## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM POSEY, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| EQUIFAX CREDIT INFORMATION | ) |
| SERVICES, INC., COMPLETE CREDIT | ) |
| SOLUTIONS, INC., CONSECO FINANCE | ) |
| CORPORATION, and UNITED MORTGAGE | ) |
| LOAN & INVESTMENT | ) |
| | ) |
|     DEFENDANTS. | ) |

### PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, William Posey, for actual and statutory damages, attorneys' fees, and costs for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA"). Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1681p, and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

### PARTIES

3. The Plaintiff, William Posey, is a resident and citizen of the State of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

4. Defendant Equifax Credit Information Services, Inc., ("Equifax"), is a Georgia corporation registered to do business in Alabama with the Alabama Secretary of State. Defendant Equifax may be served with process through its registered agent for service of process, CSC Lawyers Incorporating Services, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

5. Defendant, Equifax, regularly does business in the State of Alabama and in this District.

6. Defendant, Complete Credit Solutions, Inc. ("CCS"), whose correct corporate status is

unknown to the Plaintiff at this time, was, at all respects and at all times relevant herein, doing business in the State of Alabama and in this District.

7. Defendant, Conseco Finance Corporation ("Conseco"), whose correct corporate status is unknown to the Plaintiff at this time, was, at all respects and at all times relevant herein, doing business in the State of Alabama and in this District.

8. Defendant, United Mortgage Loan & Investment ("United Mortgage"), whose correct corporate status is unknown to the Plaintiff at this time, was, at all respects and at all times relevant herein, doing business in the State of Alabama and in this District.

## COUNT ONE
## FAIR CREDIT REPORTING ACT

9. The Plaintiff adopts the averments and allegations of Paragraphs 1 through 8 herein before as if more fully set forth herein and adds thereto the following:

10. Defendant's, Equifax, acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires the Defendant to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit files; and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

11. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file.

12. On or about September 26, 2003, the Plaintiff was denied credit from SouthTrust Bank due to Equifax's malicious publication of erroneous, libelous, and adverse information on the Plaintiff's credit file.

13. On more than one occasion the Plaintiff disputed the erroneous information contained on his credit reports directly with the Defendant.

14. On May 13, 2003, the Plaintiff, through an attorney acting on his behalf, sent a letter to Defendant Equifax listing each fraudulent account which the Plaintiff disputed and which was due to be removed from his credit report.

15. On June 19, 2003, the Plaintiff, through an attorney acting on his behalf, contacted Defendant and requested Defendant provide a response to his previous disputes.

16. On July 2, 2003, the Defendant notified the Plaintiff that each of his disputes had been verified as accurate. Thereafter the Defendant refused to remove the erroneous, libelous, and adverse information on the Plaintiff's credit file.

17. On July 19, 2004, the Plaintiff obtained a new copy of his credit file from the Defendant. At

that time, the Defendant was still reporting false, erroneous, libelous, and adverse information on the Plaintiff's credit file which did not belong to the Plaintiff.

18. On August 20, 2004, the Plaintiff, by and through his counsel, again notified the Defendant of each and every account which he disputed as fraudulent and "not mine."

19. Despite the Plaintiff's repeated disputes and in direct violation of the FCRA, Defendant Equifax failed to correct the inaccurate, erroneous, and malicious reporting on the Plaintiff's credit reports.

20. On information and belief, the Plaintiff's Equifax credit report presently contains erroneous, libelous, inaccurate, and adverse information. Defendant continues to report adverse, erroneous and libelous information to third parties who access the Plaintiff's credit report.

## COUNT TWO
## FAIR CREDIT REPORTING ACT

21. The Plaintiff adopts the averments and allegations of paragraphs 1 through 20 hereinbefore as if fully set forth herein.

22. The Defendant Equifax maintains and distributes credit data files on the Plaintiff's credit. The Defendant has negligently and willfully violated the provisions of the Fair Credit Reporting Act by failing and refusing to take steps to correct the Plaintiff's credit reports and by failing and refusing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit file.

23. Due to the Defendant's negligent and willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to actual damages.

24. As a result of the Defendant's acts and omissions, the Plaintiff has suffered actual and compensatory damages. The Plaintiff has suffered denial of credit, physical sickness, mental anxiety, emotional suffering, worry, humiliation and mental distress. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of the Defendant alleged herein, would not have been necessary. Further, the Defendant's acts and omissions are willful and demonstrative of a reckless disregard for the Plaintiff's rights. Therefore the Defendant is liable for punitive damages.

## COUNT THREE
## FAIR CREDIT REPORTING ACT

25. The Plaintiff adopts the averments and allegations of Paragraphs 1 through 24 herein before as if more fully set forth herein and adds thereto the following:

26. The Defendants CCS, Conseco, and United Mortgage, violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the

information said Defendants had provided to a consumer reporting agency.

27. Defendants each separately and severally violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to §1681i.

28. Defendants each separately and severally violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by each Defendant to a consumer reporting agency.

29. Defendants each separately and severally violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under §1681s-2(b)(1) within 30 days.

30. Defendants each separately and severally violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agency.

31. Defendants each separately and severally violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the Defendants' accounts was inaccurate, incomplete, false, and misleading.

## COUNT FOUR
## DEFAMATION, LIBEL, SLANDER

32. The Plaintiff hereby adopts the averments and allegations of Paragraphs 1 through 31 herein before as if more fully set forth herein and adds thereto the following:

33. The Defendants, Equifax, CCS, Conseco, and United Mortgage have each negligently, willfully and maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to public ridicule, to the denial of credit by third parties, harmed his reputation, and caused the Plaintiff physical sickness, mental anguish and emotional distress.

34. Said false and defamatory statements have harmed the reputation of the Plaintiff and deterred third persons from associating with the Plaintiff.

35. At the time said communications were made, the Defendants knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

36. As a result of the intentional communications to third parties of the false information, the Plaintiff was caused to suffer injury to his reputation in the eyes of his community and the public, and/or was subjected to ridicule.

37. Said communications were oral and/or written.

38. As a proximate consequence of said defamation, libel and slander, the Defendants have caused the Plaintiff to suffer physical sickness and mental suffering for which he claims compensatory and punitive damages.

## COUNT FIVE
## PLACED IN A FALSE LIGHT

39. The Plaintiff adopts the averments and allegations of Paragraphs 1 through 38 hereinbefore as if more fully set forth herein and adds thereto the following:

40. The Defendants, Equifax, CCS, Conseco, and United Mortgage, have each negligently, willfully and maliciously published information which put the Plaintiff in a false light and subjected him to public ridicule, the denial of credit, damage to his reputation, physical sickness, and mental anguish and emotional distress.

41. The publishing of said information placed the Plaintiff in a false light, harmed his reputation, and deterred third persons from associating with the Plaintiff.

42. The conduct of the Defendants was objectionable to the Plaintiff and to any reasonable person. The Defendants' actions were negligent, willful or reckless and resulted in the Plaintiff being unreasonably placed in a false light. The Plaintiff had previously advised the Defendants that the information they were reporting to third parties was erroneous.

43. As a result of the Defendants' acts and omissions, the Plaintiff has suffered actual and compensatory damages, and also seeks punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that each of the Defendants' conduct violated the FCRA;
B. Compensatory and punitive damages from each of the Defendants, separately and severally, for their violations of the FCRA;
C. Actual damages from the Defendants, separately and severally, pursuant to 15 U.S.C. § 1681n(a)(1)(A);
D. Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C. §1681n(a)(3);
E. Compensatory and punitive damages against each of the Defendants, separately and severally, for the Plaintiff's State law claims in an amount to be determined by a jury.
F. Such other and further relief as the Court may deem just and proper.

                                                                                          _____

                            Penny D. Hays ASB-6309-A63P
                            Attorney for Plaintiff

**OF COUNSEL:**
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, AL  35223
(205) 870-9848


        **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**


                            _____
                            Penny D. Hays (HAY041)

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**
CSC Lawyers Incorporating Services, Inc., Registered Agent
Equifax Credit Information Solutions, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Complete Credit Solutions, Inc.
2921 Brown Trail
Suite 100
Bedford, TX 76021-4174

Conseco Finance Corporation
11825 N. Pennsylvania Street
Carmel, IN 46032

United Mortgage Loan & Investment
P O Box 471827
Charlotte, NC 28247-1827